Virginia L. Miller, Bar No. 211124
  gmiller@calljensen.com
Deborah A. Gubernick, Bar No. 242483
  dgubernick@calljensen.com
Lisa L. Sandoval, Bar No. 310380
  lsandoval@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Plaintiff Alorica Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALORICA INC., a Delaware corporation<br><br>Plaintiff,<br><br>vs.<br><br>ESIXA THOMSON dba ESIXA USA; USMAN MINHAS, an individual, and DOES 1-10,<br><br>Defendants. | Case No.   8:16-cv-1723<br><br>**COMPLAINT FOR:**<br>   **1. FEDERAL COPYRIGHT INFRINGEMENT**<br>   **2. CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT;**<br>   **3. VICARIOUS INFRINGEMENT**<br>   **4. CONTRIBUTORY INFRINGEMENT; AND**<br>   **5. UNFAIR COMPETITION**<br><br>**AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:   None Set<br>Trial Date:             None Set |

ALO02-03:1792581_1:9-15-16

Plaintiff ALORICA INC. ("Alorica" or "Plaintiff") complains and alleges as follows:

**PRELIMINARY STATEMENT**

1. Alorica is an industry leader and one of the largest providers of customer management outsourcing solutions in the nation.

2. Alorica provides its customer relations management solutions around the globe to nearly every industry, including the automotive, energy and utilities, financial services, healthcare and insurance, media and communications, retail and e-commerce, technology and travel and hospitality.

3. Alorica's services also include back office support, such as mail and fax processing, scanning and imaging, OCR image conversion, batch and indexing of documents, file workflow and distribution, correspondence automation, tracking and reporting, data and content management, transaction processing and more.

4. Additionally, Alorica provides extensive accounts receivable management services and offers fully licensed collection agency services custom tailored for every stage of the customer life cycle, in addition to client fraud monitoring and client credit worthiness assessments as well as in-depth consumer rights and debt recovery strategies for third parties.

5. By virtue of its outstanding achievements in the industry, Alorica has been the recipient of numerous awards. A list of these awards can be found at www.alorica.com/who-we-are/#about-us.

6. Alorica advertises its services primarily through its copyrighted website, www.alorica.com. Therefore, its website and the content therein are of primary importance to Alorica.

7. Esixa Thomson launched a website, www.esixa.com, that is nearly identical to and directly copies, the www.alorica.com website, in an attempt to capitalize on Alorica's goodwill and success as an industry leader for customer management outsourcing solutions and the services offered in connection therewith.



## PARTIES

8. Alorica Inc. is a Delaware corporation, with its headquarters at 5 Park Plaza, #1100, Irvine, California 92614

9. Esixa Thomson (also known as Esixa Thomsan) is an individual, with an address at Columbia Boulevard, Portland, Oregon 92715 and is doing business as Esixa USA. She is the owner and operator of entities entitled Esixa USA, Esixa Spain, Esixa Australia and Esixa UK.

10. Esixa Thomson is the registrant of the website, www.esixa.com.

11. Usman Minhas, an individual, whose primary address is in Lahore, Punjab, Pakistan, is the registered administrator of the domain and website www.esixa.com.

12. Does 1-10 are persons or entities responsible, in whole or in part, for the wrongdoing alleged herein ("Doe Defendants"). Alorica is informed and believes, and based thereon, alleges that each of the Doe Defendants participated in, assisted, endorsed, or was otherwise involved in the acts complained of, and that they have liability for such acts. Alorica will amend this Complaint if and when the identities of such persons or entities, and their involvement becomes known.

13. Esixa Thomson, Esixa USA, Usman Minhas, and the Doe Defendants and their agents, affiliates and other co-conspirators are collectively referred to as the "Defendants."

## JURISDICTION AND VENUE

This action arises under the Copyright Act of 1976, 17 U.S.C. Section 101, *et seq.*

14. This action arises under the Copyright Act of 1976, 17 U.S.C. Section 101, *et seq*.

15. The Court has original jurisdiction under 28 U.S.C. Sections 1331 and 1338.

16. Venue in this District is proper pursuant to 28 U.S.C. Section 1391(b)(2) and 1400, because Defendants targeted their harm and injury to Plaintiff, whose

principal place of business is in this District. Defendants are operating a website that includes direct copying from Plaintiff's website – both of which websites are operating in and through this judicial district, targeting consumers in and through this district.

## FACTUAL ALLEGATIONS

17. Founded in 1999, Alorica now employs over 92,000 team members in 147 different locations around the globe, providing customer management solutions for multiple industries.

18. Alorica has 98 contact centers across the United States, providing reliable and consistent local support for its clients on a daily basis.

19. Alorica boasts over 600 million managed customer interactions across the globe nearly every year.

20. In 1999, Alorica registered its domain name, www.alorica.com and started using the website associated therewith.

21. Alorica has invested substantial time, effort and expense in developing its website. Alorica uses its website as one of its primary marketing tools.

22. Alorica owns a copyright registration for its website, under U.S. Copyright Registration Number VA 2-010-038. Attached as Exhibit A is a true and correct copy of Alorica's copyright registration.

23. Alorica also owns federally registered trademarks for ALORICA and multiple common law trademarks and common law copyrights for the logos and designs used within its website.

24. By virtue of its longstanding use of its trademarks and copyrighted website, Alorica has developed a reputation for quality and goodwill associated therewith.

25. In 2015, over fifteen years after Alorica first started using its website, Defendant Esixa Thomson, registered the domain name www.esixa.com, listing Usman Minhas as the administrator of this website. Attached as Exhibit B is a true and correct copy of the "Whois" ownership results for the www.esixa.com website.

26. Defendants have copied identical portions of the www.alorica.com website content in violation of Alorica's copyright for Defendants' use and commercial gain.

27. Defendants have copied identical logos and trademarks from the www.alorica.com website in violation of Alorica's common law trademark rights for Defendants' own use and commercial gain.

28. By virtue of copying identical portions of Alorica's copyrighted website and common law trademark logos and designs, Defendants have manifested a knowing and deliberate attempt to capitalize off of Alorica's valuable reputation and goodwill.

29. On July 15, 2016, Alorica, through its attorneys of record, sent a cease and desist letter to Defendants regarding Defendants' unauthorized use of Alorica's copyrights and trademarks. This letter included specific examples of the alleged copying. Attached as Exhibit C is a true and correct copy of this cease and desist letter.

30. On July 18, 2016, Defendants responded to the cease and desist letter, but failed to acknowledge any wrongdoing, requested additional examples of the problematic copying, and failed to cease use. Attached as Exhibit D is a true and correct copy of Defendant Esixa Thomson's response to Alorica's cease and desist letter.

31. Alorica attempted to resolve this matter without resorting to litigation, however, Defendants refused to respond to multiple, subsequent communications, including but not limited to a follow-up cease and desist letter dated August 11, 2016. Attached as Exhibit E is a true and correct copy of Alorica's August 11, 2016 letter which includes additional examples of Defendants' copying.

///
///
///



32. A small sample of Defendants' infringement is provided below.



| Alorica's Website Content | Esixa's Infringing Content |

33. Additional examples of Defendants' infringement is easily detected by comparing Exhibits F (from Esixa.com) and G (from Alorica.com).

34. This is not a case where the infringement is merely likely or possible; this is a case where the infringement is blatant and obvious.

35. Moreover, Defendants' continued infringement after notice demonstrates Defendants' willful intent and total disregard for Plaintiff's rights.

36. Accordingly, Defendants' must be enjoined from using the www.esixa.com website and the Alorica copyrights, trademarks, images and content therein.

///

///

///



## FIRST CAUSE OF ACTION

**(Federal Copyright Infringement – Against All Defendants)**

37. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 36, inclusive, and incorporates them as though fully set forth by this reference herein.

38. Plaintiff is informed and believes that Defendants have been utilizing Alorica's identical, or substantially identical, copyrighted material in its www.esixa.com website in connection with its business.

39. Defendants are not authorized by Plaintiff to use its copyrights or any substantially similar representations, in connection with the operation of its website or business, in the marketing and sale of its services, and in any other manner.

40. Defendants had access to Alorica's copyrights, including through accessing the Alorica website, www.alorica.com.

41. Use of the identical Alorica copyrights in Defendants' competing website is likely to confuse consumers and or suggest to consumers that Defendants and Plaintiff are affiliated and that Defendants are endorsed, sponsored or otherwise associated with Plaintiff, causing confusion in the marketplace and diminishing the rights of Plaintiff.

42. As a direct and proximate result of Defendants' conduct, Plaintiff has been harmed in an amount according to proof, and will suffer further irreparable injury unless the requested relief is granted.

43. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits it would not otherwise have realized but for its infringement of the Alorica copyrights. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the copyrighted works in an amount according to proof.

///

///



44. Defendants infringed Plaintiff's copyrights with knowledge that they were property of Plaintiff, and continued to infringe after being placed on formal notice of Plaintiff's rights in such a way as to render Defendants liable for willful infringement.

## SECOND CAUSE OF ACTION

**(California Common Law Trademark Infringement – Cal. Bus. & Prof. Code Section 14200, *e. seq*. – Against All Defendants)**

45. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 44, inclusive, and incorporates them as though fully set forth by this reference herein.

46. Plaintiff uses multiple unique logos and design marks throughout its website in a stylized and coordinated fashion, in certain specific color schemes, functioning as a source identifier for Alorica's services, affording Alorica common law rights thereto.

47. Plaintiff's use of these logos and images predates Defendants' use.

48. Defendants' use of identical logos and images is likely to cause confusion as to Plaintiff's association, affiliation, sponsorship or endorsement of Defendants and their services.

49. As a direct and proximate result of Defendants' infringement of Plaintiff's common law trademarks, Plaintiff has suffered, and will continue to suffer, loss of income, profits and goodwill, and Defendants have and will continue to be unjustly enriched by acquiring income, profits and goodwill to which they are not entitled.

50. Unless restrained, Defendants will continue the acts and conduct set forth in this cause of action to Plaintiff's great and irreparable injury, for which damages will not afford adequate relief. Plaintiff is therefore entitled to an injunction ordering Defendants to cease and desist from its use of the identical logos and images taken from www.alorica.com and used by Defendants in www.esixa.com and any other unauthorized uses related to Defendants' business.

51. Defendants committed their wrongful acts willfully after actual and constructive notice of Plaintiff's rights. Defendants' conduct therefore justifies an award of exemplary damages.

## THIRD CAUSE OF ACTION

### (Vicarious Infringement – Against Defendant Esixa Thomson)

52. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 51, inclusive, and incorporates them as though fully set forth by this reference herein.

53. Esixa Thomson is the owner and operator of the www.esixa.com website.

54. As the owner and operator of the www.esixa.com website, she has the ability and right to control the infringing website content.

55. On information and belief, Esixa Thomson commissioned the work of the infringing website to receive a direct and financial benefit.

56. Esixa Thomson had notice of Plaintiff's copyrights and trademarks, yet allowed and continues to allow the infringing material to be incorporated in and displayed in the www.esixa.com website.

57. Plaintiff has been harmed by Esixa Thomson's continued vicarious infringement, in that Esixa Thomson receives a direct financial benefit from the www.esixa.com website, and Plaintiff has lost its ability to control its own images, copyrights and trademarks used in the www.esixa.com website.

58. If left unrestrained, Defendant Esixa Thomson will continue the acts and conduct set forth in this cause of action to Plaintiff's great and irreparably injury, for which damages will not afford adequate relief. Plaintiff is therefore entitled to an injunction ordering Defendant Esixa Thomson to cease and desist causing the unauthorized use of Plaintiff's copyrights and trademarks.

///

///

59. Defendant committed her wrongful acts willfully after actual and constructive notice of Plaintiff's rights. Defendant's conduct therefore justifies an award of exemplary damages.

## FOURTH CAUSE OF ACTION

### (Contributory Infringement – Against Defendant Usman Minhas)

60. Usman Minhas is the creator and registered administrator of the www.esixa.com website.

61. As the creator of the www.esixa.com website, he has the ability to control the content provided therein.

62. On information and belief, Usman Minhas caused the infringing copyrights and trademarks to be included, published and utilized throughout the www.esixa.com website to Plaintiff's detriment and without Plaintiff's consent.

63. Usman Minhas had notice of Plaintiff's copyrights and trademarks, yet allowed and continues to allow the infringing material to be incorporated in and displayed in the www.esixa.com website as the administrator of that website.

64. Plaintiff has been harmed by Usman Minhas's actions of copying and utilizing Plaintiff's copyrights and trademarks while Defendant received a direct financial benefit from his contributions to the www.esixa.com website.

65. As a direct and proximate result of Usman Minhas's activities, Plaintiff has lost its ability to control its own images, copyrights and trademarks used in the www.esixa.com website.

66. If left unrestrained, Defendant Usman Minhas will continue the acts and conduct set forth in this cause of action to Plaintiff's great and irreparable injury, for which damages will not afford adequate relief. Plaintiff is therefore entitled to an injunction ordering Defendant Usman Minhas to cease and desist copying, using and assisting others in the use or copying of Plaintiff's copyrights and trademarks.

ALO02-03:1792581_1:9-15-16 - 9 -
COMPLAINT

67. Defendant committed his wrongful acts willfully after actual and constructive notice of Plaintiff's rights. Defendant's conduct therefore justifies an award of exemplary damages.

## FIFTH CAUSE OF ACTION

**(Unfair Business Practices [Cal. Bus. & Prof. Code Section 17200, *et seq*.])**

68. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 68 inclusive, and incorporates them as though fully set forth by this reference herein.

69. Defendants' marketing, selling and offering services identified by using Plaintiff's copyrights and trademarks, confusing consumers as to the source thereof, constitutes unlawful, unfair or fraudulent business acts or practices within the meaning of California Business and Professions Code Section 17200, in that: 1) such use infringes Plaintiff's rights; 2) such use is an effort to intentionally pass off its services as Plaintiff's services, to capitalize on Plaintiff's reputation and goodwill, and 3) Defendants create confusion as to whether Plaintiff's services are Defendants' services, inhibiting Plaintiff's ability to control its own reputation.

70. Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's unfair competition in the form of damage to its goodwill, lost sales and other actual damages.

71. The harm to Plaintiff and to members of the general public outweighs the utility of Defendants' business practices.

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That Defendants each be held to have infringed Plaintiff's copyrights;
2. That Defendants be held to have committed acts of unfair competition under California statutory law;
3. That judgment be entered for Plaintiff against Defendants for Plaintiff's actual damages according to proof, and for any additional profits attributable to Defendants' infringement of Plaintiff's copyrights and trademarks;
4. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by Defendants through their infringement, the exact sum to be proven at the time of trial;
5. That Plaintiff be awarded its attorney's fees and costs of suit;
6. That Plaintiff be awarded pre-judgment interest on all amounts claimed as permitted by law;
7. That Plaintiff be awarded temporary and permanent injunctive relief:
    a. Enjoining Defendants to cease and desist use of the infringing website, www.esixa.com;
    b. Ordering Defendants to transfer the www.esixa.com website to Plaintiff's control to prevent further infringement and to restore Plaintiff's ability to control the prolific infringement displayed therein;
    c. Ordering Defendants to engage in corrective advertising to restore, to the fullest extent possible, the value of Plaintiff's copyrights and trademarks;
    d. Ordering Defendants to make an accounting of all profits earned through the www.esixa.com website;
    e. Ordering restitution and disgorgement of Defendants' profits unjustly obtained through infringement of Plaintiff's rights; and

      f. Punitive or exemplary damages, including but not limited to additional damages to the fullest extent allowable by law as a result of Defendants' willful conduct.

Such other, further and different relief as the Court may deem proper under the circumstances.

Dated: September 15, 2016        CALL & JENSEN
A Professional Corporation
Virginia L. Miller
Deborah A. Gubernick
Lisa L. Sandoval


By: */s/ Deborah A. Gubernick*
     Deborah A. Gubernick

Attorneys for Plaintiff Alorica Inc.

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues raised in the Complaint.

Dated:  September 15, 2016
CALL & JENSEN
A Professional Corporation
Virginia L. Miller
Deborah A. Gubernick
Lisa L. Sandoval


By: */s/ Deborah A. Gubernick*
Deborah A. Gubernick

Attorneys for Plaintiff Alorica Inc.